STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 2:17-cr-66 |
| | ) | |
| v. | ) | JUDGE JORDAN |
| | ) | |
| CURTIS CARPENTER | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the defendant, Curtis Carpenter, and respectfully submits this Sentencing Memorandum in anticipation of his sentencing scheduled for May 24, 2018.

**Statement of the Case**

Mr. Carpenter and seventeen codefendants were indicted for conspiracy to distribute methamphetamine and various related substantive drug and gun charges on July11, 2017. On October 21, 2017, Mr. Carpenter entered a plea of guilty pursuant to a written plea agreement to Count One of the Indictment charging him and his codefendants with conspiracy to distribute 50 grams or more of methamphetamine. Pursuant to the Plea Agreement, the United States agreed to dismiss the remaining substantive drug and gun charges against Mr. Carpenter in Counts 5, 15, 21, 26, 27, and 28.

1

**Sentencing Factors**

In reaching an appropriate sentence, the court considers the sentencing factors found at 18 U.S.C. § 3553. Section 3553(a) provides that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. §3553(a). Those purposes include the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.

In determining the appropriate sentence, the court considers all factors and specifically the following as provided in § 3553(a):

**I.     The nature and circumstances of the offense and the history and characteristics of the Defendant.**

The Offense

Mr. Carpenter's offense conduct is set forth in the Presentence Report, pages 5-6. Mr. Carpenter was involved with one or more codefendants in the distribution of methamphetamine. Pursuant to the plea agreement, he is being held responsible under the United States Sentencing Guidelines for the distribution of 150 to 500

grams of methamphetamine with guideline enhancements for maintaining a dwelling for the purpose of distributing illegal drugs and for possessing a firearm in furtherance of a drug trafficking offense.

Mr. Carpenter's personal history and characteristics are set forth in pages 7-16 of the Report. Mr. Carpenter has a history of health problems and injury leading to his dependence on pain medication.  He also has a history of alcohol and addiction to illegal drugs including methamphetamine starting around 1994. His criminal history is notable for multiple misdemeanor incidences of simple possession of illegal drugs starting in 2005 to include methamphetamine, OxiContin, and marijuana.

**3. The kinds of sentences available.**

In accordance with his Plea Agreement, Mr. Carpenter is subject to a term of imprisonment of a mandatory minimum of 10 years up to life and a period of supervised release of at least 5 years up to life. 21 U.S.C. §841(b)(1)(A).

**4.  The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant under the United States Sentencing Guidelines.**

Mr. Carpenter's total adjusted offense level under the United States Sentencing Guidelines is Offense Level 33, which includes guideline enhancements of two levels for possession of a firearm pursuant to USSG §2D1.1(b)(1) and two levels for maintaining a premises for the purpose of

distributing a controlled substance pursuant to USSG §2D1.1(b)(12). With a Criminal History Category IV, his sentencing guideline range is 188-235 months.

**5. Any pertinent policy statement issued by the Sentencing Commission that is in effect on the date the defendant is sentenced.**

Counsel is not aware of a Sentencing Commission policy statement that would have a direct bearing on this case but would ask the court to consider any policy statements or factors that would lean toward leniency in his case.

**6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Counsel submits that a sentence at the bottom of the applicable guideline range would avoid an unwarranted sentence disparity with other defendants with similar records and conduct.

**7. The need to provide restitution to any victims of the offense**.

Restitution is not applicable.

8. **Other Considerations and Conclusion**

Counsel asks the court to sentence Mr. Carpenter to the bottom of his applicable guideline range of 188 months. Mr. Carpenter has accepted full responsibility for his actions including enhancements that have increased his offense level by four levels above the base offense level for agreed drug quantity.

If sentenced to the lower end of his guideline range, Mr. Carpenter will be in his late 50's when he is released. This more than 15 year sentence of incarceration

is significant punishment and will be sufficient for him to participate in vocational training to allow him to seek gainful employment. He has acknowledged that he has a serious drug addiction which he must overcome if he has any hope of staying out of prison. He requests the court to recommend his admission to the Bureau of Prisons intensive drug treatment program.

Respectfully submitted,

BY: s/ Sandra B. Jelovsek
Sandra B. Jelovsek
BOPR No. 014908
Attorney for the Defendant
P.O. Box 983
Jonesborough, TN 37654
423-737-3344

CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2018, the foregoing document was filed electronically. Notice of this filing is sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Sandra B. Jelovsek
Sandra B. Jelovsek