UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:17-CR-00066-DCLC-CRW-6 |
| | ) | |
| CURTIS CARPENTER | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Curtis Carpenter's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] [Doc. 641]. The United States responded in opposition [Doc. 643]. For the reasons discussed below, Defendant's motion will be **DENIED**.

## I. BACKGROUND

In October 2017, Defendant pled guilty to conspiracy to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Docs. 140, 153]. The Court sentenced him to a below-guidelines sentence of 172 months' imprisonment [Doc. 487 at 2; Doc. 488 at 1]. Defendant is expected to complete his sentence in January 2029. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (accessed September 4, 2026).

Defendant moves for compassionate release based on his medical conditions and his desire to serve as caregiver to his ailing mother [Doc. 641 at 5]. The United States opposes the motion on the grounds that Defendant's claims are not fully exhausted; he has not cited any extraordinary and compelling reasons for his release; and the factors under 18 U.S.C. § 3553(a) do not support a sentence reduction [Doc. 643 at 3, 4, 8].

[1] In 2021, Defendant moved for compassionate release based on the COVID-19 pandemic and his health problems [Doc. 590]. The Court denied the motion because it found that the sentencing factors under 18 U.S.C. § 3553(a) weighed against a sentence reduction [Doc. 601 at 8–9].

## II. LEGAL FRAMEWORK

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The compassionate release statute authorizes district courts to reduce a defendant's sentence if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

## III. ANALYSIS

### A. Exhaustion

There are two grounds on which Defendant requests this Court to grant him compassionate release. One is based on his medical condition; the other is his need to serve as a caregiver for his ill mother. The record shows that Defendant requested compassionate release from the warden at his prison based on his medical conditions, and warden denied his request [Doc. 643-2]. On that

claim, Defendant has satisfied the exhaustion requirement. Because Defendant exhausted his claim based on his medical conditions, the Court will review that claim on the merits.

However, on the caregiver claim, Defendant did not present that claim to the warden. The United States points out that Defendant did not request compassionate release based on his desire to serve as his mother's caregiver [Doc. 643, pg. 3]. Thus, Defendant has not satisfied the exhaustion requirement for this Court to review it on the merits. *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (explaining that to exhaust administrative remedies, a defendant must "present the same or similar ground for compassionate release in a request to the Bureau [of Prisons] as in a motion to the court"). As such, Defendant's caregiver claim will be denied without prejudice.

**B. Merits on medical condition claim**

Defendant asserts that his circumstances are extraordinary and compelling because he suffers from reflex sympathetic dystrophy ("RSD"), a disorder that causes lasting and potentially severe pain after an injury [Doc. 641 at 2, 5]. According to Defendant, his RSD originated from an ankle fracture he sustained in 1997 [*Id.* at 3]. And "[w]hile the prison can provide a myriad of different medications and have, they simply do not have the facilities to relieve the pain" [*Id.* at 5]. In addition, Defendant asserts that he is "high risk" because he suffers from high blood pressure, high cholesterol, and diabetes [*Id.* at 3]. And his diabetes "requires insulin and sugar monitoring which the B.O.P. does not appear to be doing" [*Id.*].

The Sentencing Commission's policy statement addressing compassionate release identifies four situations where a defendant's medical condition is extraordinary and compelling. U.S.S.G. § 1B1.13(b)(1). First, "[t]he defendant is suffering from a terminal illness," defined as a "serious and advanced illness with an end-of-life trajectory." *Id.* § 1B1.13(b)(1)(A). Second, the

defendant has a "serious physical or medical condition" or age-related deterioration in health that "substantially diminishes [his] ability . . . to provide self-care" while confined and "from which [the defendant] is not expected to recover." *Id.* §1B1.13(b)(1)(B). Third, the defendant is suffering from a condition that "requires long-term or specialized . . . care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C). And lastly, the defendant is at "an increased risk of suffering severe medical complications or death" due to an "ongoing public health emergency." § 1B1.13(b)(1)(D). Defendant does not allege that he suffers from a terminal illness; that his physical condition substantially diminishes his ability to provide self-care; or that he is at risk from an ongoing public health emergency. Hence, subparagraphs (A), (B), and (D) do not apply.

Defendant's claim most resembles the situation described in subparagraph (C) of § 1B1.13(b)(1), since he alleges that his RSD and diabetes are not being adequately treated. However, he provides no documentation to show that "long term or specialized care . . . is not being provided" or that lack of such treatment places him "at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C). Indeed, Defendant acknowledges that he is being provided with a "myriad of different medications" to treat his RSD [Doc. 641 at 5]. And contrary to Defendant's assertion, prison medical records show that his diabetes has been monitored [Doc. 644 at 96, 99]. Defendant's diabetes appears to be well-controlled through medication, diet, and exercise [*See id.* at 1, 25, 30, 117, 132, 135]. And although Defendant claims he is "high risk" due to his diabetes and high cholesterol, his overall physical condition is a Care Level 2 [Doc. 643-3], indicating that he is a stable outpatient whose conditions can be controlled through routine appointments. *See* https://www.bop.gov/resources/pdfs/care_level_ classification_ guide.pdf (last visited September 7, 2026).

Given the foregoing, the Court does not find that Defendant's medical conditions are an extraordinary and compelling reason for his release.

## IV. CONCLUSION

In sum, Defendant's compassionate release claim based on his desire to serve as his mother's caregiver is **DENIED WITHOUT PREJUDICE** for failure to meet the exhaustion requirement. His compassionate release motion is otherwise **DENIED** because he has not demonstrated an extraordinary and compelling reason for a sentence reduction.

**SO ORDERED.**

s/Clifton L. Corker
United States District Judge